**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| MARSHA SENSENIG, on behalf of herself and all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No.  16-CV-50022 |
| | ) | |
| v. | ) ) | District Judge Frederick J. Kapala |
| | ) | |
| MERRICK PET CARE d/b/a CASTOR AND POLLUX NATURAL PETWORKS and NESTLE PURINA PET CARE CO., | ) ) ) ) | Magistrate Judge Iain D. Johnston |
| | ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

Matthew O. Sitzer
Matthew C. Wolfe
Shook, Hardy & Bacon L.L.P.
111 South Wacker Drive
Chicago, Illinois 60606
Phone:  (312) 704-7700
Fax:  (312) 558-1195
msitzer@shb.com
mwolfe@shb.com

*Attorneys for Merrick Pet Care d/b/a
Castor and Pollux Natural Petworks
and Nestle Purina Pet Care Co.*

3823655

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ................................................................................................................. 1

COMPLAINT ALLEGATIONS ............................................................................................. 2

ARGUMENT ........................................................................................................................ 3

I.      The First Amended Complaint Fails to Meet the Requirements of Rule 9(b), and Should Be Dismissed.......................................................................................... 3

II.     The First Amended Complaint Should Be Dismissed as Implausible. ............................. 4

      A.     Sensenig Does Not Plausibly Allege Injury, Now or in the Future. ...................... 5

      B.     Sensenig Does Not Plausibly Allege that She Was Deceived. ............................. 6

III.    The First Amended Complaint Should Be Dismissed Because it Does Not Adequately Allege Facts to Support Personal Jurisdiction.................................................. 8

      A.     Sensenig Fails to Allege Injury Arising Out of Any Litigation-Specific Activity in Illinois.................................................................................................. 8

      B.     At a Minimum, the Non-Illinois Claims Must Be Dismissed.............................. 10

IV.    Sensenig Does Not Have Standing To Prosecute Claims On Behalf Of Her Proposed Classes.......................................................................................................... 11

      A.     Sensenig Lacks Standing to Bring Claims About Products She Did Not Buy................................................................................................................... 11

      B.     Sensenig Lacks Standing to Bring Claims Under the Laws of States Other than Illinois................................................................................................. 12

V.     Sensenig's Class Claims Should Be Dismissed or Stricken. ........................................ 13

      A.     Sensenig Is Not an Adequate Class Representative............................................. 14

      B.     All of the Class Claims Should Be Stricken for Overbreadth and Lack of Predominance. .......................................................................................... 14

CONCLUSION................................................................................................................... 15

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,
    751 F.3d 796 (7th Cir. 2014) ........................................................................ 9

*Ang v. Bimbo Bakeries USA, Inc.*,
    No. 13-CV-01196, 2014 WL 1024182 (N.D. Cal. Mar. 13, 2014)........................................... 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................... 4

*Avery v. State Farm Mut. Auto. Ins. Co.*,
    835 N.E.2d 801 (Ill. 2005) ............................................................................. 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 554 (2007)...................................................................................... 4

*Bober v. Glaxo Wellcome PLC*,
    246 F.3d 834 (7th Cir. 2001) ........................................................................ 7

*Camasta v. Jos. A. Bank Clothiers*, Inc.,
    761 F.3d 735 (7th Cir. 2014) ............................................................... 3, 5, 6

*CE Design Ltd. v. King Architectural Metals, Inc.*,
    637 F.3d 721 (7th Cir. 2011) ...................................................................... 14

*Central States Se. & Sw. Pension Fund v. Reimer Express World Corp.*,
    230 F.3d 934 (7th Cir. 2000) ........................................................................ 9

*Cleary v. Philip Morris USA, Inc.*,
    265 F.R.D. 289 (N.D. Ill. 2010)................................................................... 15

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014)................................................................................... 8

*Demaria v. Nissan N. Am., Inc.*,
    No. 15 C 3321, 2016 WL 374145 (N.D. Ill. Feb. 1, 2016)................................... 10

*Empire Home Servs., Inc. v. Carpet Am., Inc.*,
    653 N.E.2d 852 (Ill. App. 1995) ................................................................... 5

*Felland v. Clifton*,
    682 F.3d 665 (7th Cir. 2012) ................................................................... 8, 9

ii

*Gonzalez-Koeneke v. West*,
  791 F.3d 801 (7th Cir. 2015) ............................................................................ 2

*Goren v. New Vision Int'l, Inc.*,
  156 F.3d 721 (7th Cir. 1998) ............................................................................ 4

*Gubala v. Allmax Nutrition, Inc.*,
  No. 14 C 9299, 2015 WL 6460086 (N.D. Ill. Oct. 26, 2015) ........................... 11, 12

*Healy v. Beer Inst., Inc.*,
  491 U.S. 324 (1989) ......................................................................................... 12

*Hyatt Int'l Corp. v. Coco*,
  302 F.3d 707 (7th Cir. 2002) ............................................................................ 9

*In re Aqua Dots Prods. Liability Litig.*,
  654 F.3d 748 (7th Cir. 2011) ............................................................................ 14

*Jamison v. First Credit Servs., Inc.*,
  290 F.R.D. 92 (N.D. Ill. 2013) ......................................................................... 14

*Marvellous Day Elec. (S.Z.) Co. v. Ace Hardware Corp.*,
  No. 11 C 8756, 2013 WL 4565382 (N.D. Ill. Aug. 27, 2013) ........................... 3

*McMahan v. Deutsche Bank AG*,
  938 F. Supp. 2d 795 (N.D. Ill. 2013) ............................................................... 4

*Moyer v. Michaels Stores, Inc.*,
  No. 14 C 561, 2014 WL 3511500 (N.D. Ill. July 14, 2014) .............................. 13

*Oshana v. Coca-Cola Co.*,
  472 F.3d 506 (7th Cir. 2006) ............................................................................ 14

*Padilla v. Costco Wholesale Corp.*,
  No. 11 C 7686, 2012 WL 2397012 (N.D. Ill. June 21, 2012) ........................... 11, 12

*Payton v. County of Carroll*,
  473 F.3d 845 (7th Cir. 2007) ............................................................................ 13

*Picus v. Wal-Mart Stores, Inc.*,
  256 F.R.D. 651 (D. Nev. 2009) ........................................................................ 15

*Reid v. Unilever U.S., Inc.*,
  964 F. Supp. 2d 893 (N.D. Ill. 2013) ............................................................... 5, 6

*Rodriguez v. Chase Home Fin., LLC*,
  No. 10 C 05876CH, 2011 WL 5076346 (N.D. Ill. Oct. 25, 2011) ................... 5

iii

*Sears v. Likens,*
   912 F.2d 889 (7th Cir. 1990) ............................................................................... 4

*Seiferth v. Helicopteros Atuneros, Inc.,*
   472 F.3d 266 (5th Cir. 2006) ............................................................................ 10

*Simon v. E. Ky. Welfare Rights Org.,*
   426 U.S. 26 (1976) ............................................................................................ 13

*Smith v. Prime Cable of Chi.,*
   658 N.E.2d 1325 (Ill. App. 1995) ....................................................................... 6

*White v. Keely,*
   814 F.3d 883 (7th Cir. 2016) ............................................................................ 14

**Statutes**

815 ILCS 505/10a(a).............................................................................................. 5

815 ILCS 505/10b(1) ............................................................................................. 7

815 ILCS 510/3...................................................................................................... 5

815 ILCS 510/4(1) ................................................................................................. 7

Cal. Bus. & Prof. Code § 17533.7 ....................................................................... 13

Mo. Rev. Stat. § 407.020 ..................................................................................... 13

N.J. Stat. § 56.8-2.21 ............................................................................................ 13

N.Y. Gen. Bus. Law § 349.................................................................................... 13

Wash. Rev. Code § 19.86.090 .............................................................................. 13

**Other Authorities**

Federal Trade Commission, *"Made in USA" and Other U.S. Origin Claims,*
   62 Fed Reg. 63756 (Dec. 2, 1997)...................................................................... 7

**Rules**

Federal Rule of Civil Procedure 12(b)(2) .............................................................. 8

Federal Rule of Civil Procedure 23(d)(1)(D)....................................................... 13

Federal Rule of Civil Procedure 8(a) ..................................................................... 4

iv

## INTRODUCTION

This case is one of several cases filed by Plaintiff's counsel in courts around the country alleging that various brands of pet food were improperly labeled as "Made in USA."[1]  On April 21, 2016, Defendants[2] moved to dismiss Plaintiff's Complaint. Dkt. 17.  Rather than respond to Defendants' first Motion to Dismiss, Plaintiff instead filed a First Amended Complaint.  By this motion, Defendants explain why Sensenig's First Amended Complaint should be dismissed with prejudice.

Simply put, Sensenig's First Amended Complaint does not cure the defects in her original Complaint.  It therefore should be dismissed with prejudice for multiple independent reasons, which are largely the same as those included in Defendants' Motion to Dismiss Sensenig's original Complaint.  First, the First Amended Complaint still fails to allege fraud with particularity, as is required by Federal Rule of Civil Procedure 9(b).  Second, the First Amended Complaint continues to fail to plausibly allege that Sensenig was or will be injured, or that Sensenig was deceived.  Third, the First Amended Complaint fails to set out even a *prima facie* case of personal jurisdiction over any Defendant.  Fourth, Sensenig continues to lack standing to bring the broad class claims she attempts to plead.  Fifth, and finally, it is plain from the

---

[1] Others include *Sensenig v. Wellpet, LLC*, No. 3:16-cv-50021 (N.D. Ill. filed Feb. 1, 2016), which is also pending before this Court; *Randall v. Merrick Pet Care, Inc.*, No. 2:16-CV-00139 (C.D. Cal. filed Jan. 7, 2016); *Fraser v. Wysong Corp.*, No. 3:16-CV-00047 (N.D. Cal. filed Jan. 5, 2016); *Fraser v. Fromm Family Foods, LLC*, No. 3:16-CV-00043 (N.D. Cal. filed Jan. 5, 2016); *Fitzpatrick v. Tyson Foods, Inc.*, No. 2:15-CV-02285 (E.D. Cal. filed Nov. 4, 2015); and *Fitzpatrick v. Big Heart Pet Brands*, No. 2:15-CV-02116 (E.D. Cal. filed Oct. 9, 2015).  The plaintiff voluntarily dismissed the two *Fitzpatrick* cases following receipt of a motion to dismiss in one of those cases.  The *Fraser v. Wysong* case also has been voluntarily dismissed.  The other cases remain pending and no substantive rulings have been made in either of them yet.

[2] Sensenig voluntarily dismissed her claims against Defendant Nestle USA on April 19, 2016 (Dkt. 10). However, in her First Amended Complaint, Sensenig continues to make allegations against Nestle USA, Inc., and refer to it as a Defendant.  FAC ¶¶ 2, 4.

3823655

pleadings that Sensenig's class claims must be stricken, not least because Sensenig is a convicted felon and so will not be an adequate class representative. *See* Ex. 1.

By failing to cure these defects in her second attempt to state a claim, Sensenig has shown that she cannot do so, warranting dismissal with prejudice. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (dismissing first amended complaint with prejudice).

## COMPLAINT ALLEGATIONS

The First Amended Complaint alleges very few facts. Those few facts can be easily summarized. Sensenig names three Defendants and states that she "does not know the current corporate relationship among the defendants." FAC ¶¶ 2–4. Sensenig then claims that "Defendants" – *which* Defendant is not specified – "sold, and plaintiff bought, the Ultramix dog food product in this district and division." *Id*. ¶ 6. Next, Sensenig alleges that on "several occasions within the applicable limitations period, Plaintiff Marsha Sensenig purchased Defendants' "Ultramix Grain Free & Poultry Free Adult Dog Food brand dog food for household use, specifically, to feed her dog." *Id.* ¶ 10. Sensenig does not allege where specifically she bought the dog food; the day, month, or year she bought it; or which Defendant sold it.

Sensenig alleges that the "label of all of Defendants' Ultramix and Organix brand products, including Ultramix Grain Free & Poultry Free Adult Dog Food, contains a label proclaiming that the products are 'Made with Love IN THE USA.'" FAC ¶ 11. Sensenig claims that "these labels are false because Defendants' pet food contains ingredients sourced from foreign countries," such as tapioca and unspecified "vitamin, mineral, and amino acid packs." *Id*. ¶ 12. Nowhere does Sensenig allege what proportion of Defendants' pet food consists of foreign-sourced ingredients, or that the many unspecified pet food products she purports to include in this case are substantially similar to the one she allegedly purchased.

2

Based on her bare-bones allegations, Sensenig brings claims for fraud under the Illinois version of the Uniform Deceptive Trade Practices Act ("IDTPA") (FAC Count 1) and the Illinois Consumer Fraud Act ("ICFA") (FAC Count 2), as well as under the "similar if not identical" laws of numerous other states (FAC Count 3). She seeks to certify a class of all persons in several other states, including California, Florida, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington, who have "purchased pet foods manufactured and marketed by Defendants and labeled 'Made in the U.S.A.' or were otherwise labeled as 'USA-sourced' items." FAC ¶ 30. As an alternative class, Sensenig proposes: "All Illinois residents who, within the applicable limitations period, have purchased pet foods manufactured and marketed by Defendants and labeled 'Made in the U.S.A.' or were otherwise labeled as 'USA-sourced' items.'" *Id.* ¶ 31. Both of these proposed classes would include class members who bought pet food products that Sensenig did not.

## ARGUMENT

**I.     The First Amended Complaint Fails to Meet the Requirements of Rule 9(b), and Should Be Dismissed.**

Sensenig's claims sound in fraud and therefore must satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b). *Camasta v. Jos. A. Bank Clothiers*, Inc., 761 F.3d 735, 739 (7th Cir. 2014) (ICFA claims are "analyzed under the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b)"); *Marvellous Day Elec. (S.Z.) Co. v. Ace Hardware Corp.*, No. 11 C 8756, 2013 WL 4565382, at *9 (N.D. Ill. Aug. 27, 2013) (Ex. 2) (Rule 9(b) applies to IDTPA claims). Rule 9(b) "ordinarily requires describing the who, what, when, where, and how of the fraud." *Camasta*, 761 F.3d at 737. Sensenig's First Amended Complaint fails practically every part of this well-known test.

First, the First Amended Complaint does not adequately allege *who* sold the product. Instead, it alleges only that "Defendants" (which of the three Defendants is unclear) sold it. FAC

3

¶ 6.  A complaint that "lumps all the defendants together" and does not specify who allegedly did what allegedly fraudulent act must be dismissed.  *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990); *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 (7th Cir. 1998); *McMahan v. Deutsche Bank AG*, 938 F. Supp. 2d 795, 804 & n.1 (N.D. Ill. 2013).

Second, the First Amended Complaint does not adequately allege *what* product Sensenig bought.  Instead, the First Amended Complaint variously alleges that "Defendants sold, and plaintiff bought, the Ultramix dog food product" (FAC ¶ 6), Sensenig "purchased Defendants' Ultramix Grain Free & Poultry Free Adult Dog Food brand dog food" (*id.* ¶ 10), and that "Defendants' pet food products" contain ingredients sourced outside the United States.  *Id.* ¶ 12.

Third, the First Amended Complaint does not adequately allege *when* Sensenig bought the product.  It alleges only that Sensenig bought the product "[o]n several occasions within the applicable limitations period."  FAC ¶10.  Nor does the First Amended Complaint sufficiently allege *where* the Sensenig bought the product.  It says only that Sensenig bought an unspecified "Ultramix dog food product within this district and division."  *Id.* ¶ 6.

In sum, Sensenig's First Amended Complaint completely fails to satisfy Rule 9(b).  The First Amended Complaint should be dismissed in its entirety on this ground.

## II.     The First Amended Complaint Should Be Dismissed as Implausible.

A complaint that fails "to state a claim upon which relief can be granted" must be dismissed.  Fed. R. Civ. Proc. 12(b)(6).  To "state a claim," a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The Supreme Court has explained that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint therefore must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  In short, Rule 8 "does not unlock

4

3823655

the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. As discussed next, the First Amended Complaint fails to comply with Rule 8 and the *Twombly/Iqbal* line of cases because it does not plausibly allege that Sensenig was injured by Defendants' conduct, or that Sensenig was deceived.

### A.    Sensenig Does Not Plausibly Allege Injury, Now or in the Future.

In Count 2 of her First Amended Complaint, Sensenig claims that "deceptive" "Made in USA" statements "caused damage to Plaintiff and the class." FAC ¶ 45. However, the ICFA requires the plaintiff to prove that she suffered "actual damage as a result of a violation of [the] Act, " and Sensenig does not plausibly allege any such damage. 815 ILCS 505/10a(a); *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 859 (Ill. 2005). Although Sensenig points to other unspecified pet food recalls (*see* FAC ¶ 18), she does not allege that any product she purchased from any Defendant was actually adulterated or recalled. To the contrary, she simply concludes that she "suffered damages because she paid more for the products than they were actually worth," apparently because she enjoys buying American-made products. FAC ¶¶ 13–19. Such allegations are insufficient. *Avery*, 835 N.E.2d at 859 (plaintiff failed to allege that use of non-OEM parts in his car caused him any actual injury); *Camasta*, 761 F.3d at 740 (plaintiff's allegations regarding actual value of shirts were purely speculative and conclusory, so implausible under *Iqbal*); *Rodriguez v. Chase Home Fin., LLC*, No. 10 C 05876CH, 2011 WL 5076346, at *3 (N.D. Ill. Oct. 25, 2011) (Ex. 3) ("when actual damage is an element of a claim . . . Plaintiff must allege that she has suffered harm in a concrete, ascertainable way").

Nor does Sensenig plausibly allege likely future injury, as is required by the IDTPA (FAC Count 1). The IDTPA "only allows a plaintiff to recover injunctive relief." *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 917 (N.D. Ill. 2013); 815 ILCS 510/3; *Empire Home Servs., Inc. v. Carpet Am., Inc.*, 653 N.E.2d 852, 855 (Ill. App. 1995). To obtain that injunctive

5

relief, the IDTPA requires a consumer plaintiff to "allege facts that he likely would be damaged by the defendant's conduct in the future." *Reid*, 964 F. Supp. 2d at 918; *Smith v. Prime Cable of Chi.*, 658 N.E.2d 1325, 1337 (Ill. App. 1995).

Here, Sensenig does not allege that she is likely to be damaged by any deceptive trade practice, now or in the future. Indeed, any such allegation would be implausible, because plaintiff "already made her purchase and is aware of the alleged defect." *Reid*, 964 F. Supp. 2d at 918. "Armed with that knowledge, she can avoid using the [product] in the future. Therefore, since [Plaintiff] cannot show a likelihood of future damage from [Defendant's] acts, her claim under the Illinois UDTPA fails." *Id.*; *see also Camasta*, 761 F.3d at 741. In her First Amended Complaint, Sensenig attempts to sidestep this deficiency by claiming that "Defendants market a wide variety of pet foods," so she may be harmed in the future by the labeling of other, unspecified, pet foods. FAC ¶ 29. This allegation does not solve the problem, because Sensenig has the burden of identifying which "substantially similar" pet foods are at issue in this case, and has not done so. *See* Section IV.A *infra*. Thus, her allegation of future harm remains implausible.

Based on the above, the Court should dismiss Sensenig's Illinois-law claims. Since the out-of-state claims brought under Count 3 are, according to Sensenig, brought under other states' laws that "are in substance the same as the Acts referenced in Counts 1 and 2," FAC ¶ 47, the Court also should dismiss Count 3 for failure to state a claim.

### B. Sensenig Does Not Plausibly Allege that She Was Deceived.

The First Amended Complaint also fails to satisfy Rule 8 for another reason: Sensenig fails to plead any facts demonstrating that any of Defendants' pet food products do not qualify as "Made in USA." Instead, Sensenig conclusorily claims that Defendants' products do not meet the Federal Trade Commission's ("FTC's") "all or virtually all" standard. FAC ¶ 23. While

6

Defendants do not concede that the FTC standard supplies the rule of decision in this case, it is well-settled that if a party's conduct is authorized by federal law, that party cannot be liable for that conduct under either ICFA or the IDTPA. *Bober v. Glaxo Wellcome PLC*, 246 F.3d 834, 841 (7th Cir. 2001); 815 ILCS 505/10b(1); 815 ILCS 510/4(1).

Here, Sensenig fails to allege any facts showing that Defendants are not in compliance with federal law. Longstanding FTC guidance permits a product to be marketed as "Made in USA" so long as the product is "all or virtually all" made in the United States. Federal Trade Commission, *"Made in USA" and Other U.S. Origin Claims*, 62 Fed Reg. 63756, 63768 (Dec. 2, 1997). When evaluating whether a product is, in fact "Made in USA," factors such as the site of final processing, the proportion of U.S. manufacturing costs, and the remoteness of foreign content must be evaluated. *Id.* at 63768–69.

Examples of this analysis provided by the FTC include:

> Example: A company produces propane barbecue grills at a plant in Nevada. The product's major components include the gas valve, burner and aluminum housing, each of which is made in the U.S. The grill's knobs and tubing are imported from Mexico. *An unqualified Made in USA claim is not likely to be deceptive because the knobs and tubing make up a negligible portion of the product's total manufacturing costs and are insignificant parts of the final product.*
>
> \*    \*    \*
>
> Example: The steel used to make a single component of a complex product (for example, the steel used in the case of a computer's floppy drive) is an *early input into the computer's manufacture*, and is likely to constitute a *very small portion of the final product's total cost*.

Sensenig acknowledges this guidance, even attaching it to her First Amended Complaint, but does not even try to allege anything about where the unspecified "pet food products" were made or the proportion of foreign-sourced to domestic-sourced ingredients contained in them. *See* FAC ¶ 21 & Ex. A. Instead, Sensenig merely alleges that "Defendants' pet food" (without

7

specifying any particular products) contains tapioca and vitamin packs sourced from outside the United States. FAC ¶ 12. Even if true, Sensenig has not plausibly alleged facts showing that the product was not "all or virtually all" made in the USA, as would be required to state a claim under her own chosen standard (and avoid ICFA and the IDTPA's safe-harbor provisions). For example, she has not alleged the proportion of the product made up by these allegedly foreign-sourced ingredients, or that the pet foods were not, in fact, processed and cooked in the United States. Absent any such facts, Sensenig's claim must be dismissed.

## III. The First Amended Complaint Should Be Dismissed Because it Does Not Adequately Allege Facts to Support Personal Jurisdiction.

Sensenig bears the burden of establishing personal jurisdiction. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). Sensenig has not established that either general or specific personal jurisdiction is present here, so her claims should be dismissed for this independent reason. Fed. R. Civ. P. 12(b)(2).

### A. Sensenig Fails to Allege Injury Arising Out of Any Litigation-Specific Activity in Illinois.

As a preliminary matter, Sensenig does not allege that general jurisdiction exists over any Defendant. For general jurisdiction to exist, the Defendant must be "at home" in the forum state, meaning that it is either incorporated there or has its principal place of business there. *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014). Sensenig alleges that Defendant Nestle USA, Inc. (which Sensenig already voluntarily dismissed from the case) is a Delaware corporation with its principal offices in California; Defendant Nestle Purina Petcare Company is a Missouri corporation with its principal offices in Missouri; and Defendant Merrick Pet Care Company "was a corporation formed under and existing pursuant to the laws of the state of Texas, with its principal offices in Hereford, Texas." FAC ¶¶ 2–4. Thus, Sensenig does not allege that any of the Defendants are "at home" in Illinois, and general jurisdiction is not present.

8

Sensenig therefore must establish that specific jurisdiction exists over each Defendant, and she has not done so here. Specific jurisdiction is governed by the three-part test set out by the Seventh Circuit in *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012):

> (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.[3]

Importantly, specific jurisdiction "must rest on the *litigation-specific* conduct of the defendant in the proposed forum state." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014). Moreover, each defendant's contacts – even if the defendants are alleged to be corporate affiliates – with the forum state must be assessed individually. *Central States Se. & Sw. Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000) ("Where two corporations are in fact separate, permitting the activities of the subsidiary to be used as a basis for personal jurisdiction over the parent violates . . . due process").

In her First Amended Complaint, Sensenig alleges only that an unspecified Defendant sold a dog food product in Illinois. FAC ¶ 6. Sensenig then alleges that she believed that *all* Defendants' "pet food products" were made in the USA, and that this belief caused her injury. FAC ¶¶ 12–19. In doing so, she does not allege that any injury arose out of any Illinois activities by any Defendant. Sensenig may not simply lump all Defendants and all their products together and hope for the best. *Central States*, 230 F.3d at 944. Instead, she must identify which Defendant actually purposefully availed itself of Illinois, and how it did so, thereby causing her injury. Sensenig has not – and, having already amended once, apparently cannot – satisfy this

---

[3] Illinois' long-arm statute, which applies in this diversity case, is co-extensive with the limits of due process imposed by the United States Constitution. Thus, the Court may turn directly to this constitutional analysis. *See*, *e.g.*, *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715-16 (7th Cir. 2002).

requirement.  Accordingly, her First Amended Complaint should be dismissed under Rule 12(b)(2).

### B.  At a Minimum, the Non-Illinois Claims Must Be Dismissed.

In a multi-plaintiff case, each plaintiff must establish personal jurisdiction as to his or her own claim.  *Demaria v. Nissan N. Am., Inc.*, No. 15 C 3321, 2016 WL 374145, at *7-8 (N.D. Ill. Feb. 1, 2016) (Ex. 4).  "On behalf of the out-of-state class members," Count 3 of the First Amended Complaint brings claims under the statutes of several "states with similar if not identical law."  FAC ¶¶ 47–48.  In a similar case, Judge Blakey of this District recently dismissed with prejudice putative non-Illinois class claims where (1) the defendant was not "essentially at home" in Illinois; and (2) the plaintiff did not allege that defendant engaged in any conduct in Illinois that "had anything to do" with the non-Illinois claims.  *Demaria*, 2016 WL 374145, at *7.  On those facts, Judge Blakey held that "imposing personal jurisdiction for all of the claims because specific jurisdiction may lie as to this one plaintiff's claims would run afoul of the traditional notions of fair play and substantial justice that form the bedrock of any court's personal jurisdiction analysis."  *Id.* at *8.  *See also, e.g.*, *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 & n.6 (5th Cir. 2006) ("there is no such thing as supplemental specific personal jurisdiction").

The same principle applies here.  Sensenig has not alleged that the out-of-state claims have anything to do with any Defendant's conduct in Illinois.  Thus, even if Sensenig had alleged facts sufficient to plead personal jurisdiction as to her own claims (which she has not), the out-of-state claims must be dismissed.

3823655

**IV.** **Sensenig Does Not Have Standing To Prosecute Claims On Behalf Of Her Proposed Classes.**

In addition to the above reasons for dismissal, Sensenig does not have standing to prosecute claims on behalf of the classes she proposes for two reasons.

**A.** **Sensenig Lacks Standing to Bring Claims About Products She Did Not Buy.**

First, Sensenig does not have standing to represent class members who bought pet foods other than the one she purchased. A plaintiff has standing to assert claims on behalf of unnamed class members for products she did not purchase only if "there is sufficient similarity between the products purchased and not purchased." *Gubala v. Allmax Nutrition, Inc.*, No. 14 C 9299, 2015 WL 6460086, at *3 (N.D. Ill. Oct. 26, 2015) (Ex. 5); *Padilla v. Costco Wholesale Corp.*, No. 11 C 7686, 2012 WL 2397012, at *3 (N.D. Ill. June 21, 2012) (Ex. 6). "In making this determination, courts analyze the similarities of both the physical products and the alleged misrepresentations." *Gubala*, 2015 WL 6460086, at *3.

Here, with no allegations differentiating Defendants or their products, Sensenig seeks to certify a class consisting of all persons in several states "who, within the applicable limitations period, have purchased pet foods manufactured and marketed by Defendants and labeled "Made in the U.S.A." or were otherwise labeled as "USA-sourced" items." FAC ¶ 30. Sensenig does not even attempt to identify the other pet foods purportedly at issue, much less explain why they are substantially similar to the single product she allegedly bought. In particular, Sensenig does not identify the proportion of foreign-sourced ingredients contained in any of the pet foods that she alleges are not made in the USA. By failing to do so, Sensenig renders her First Amended Complaint deficient, as is illustrated by *Gubala*, another putative false-labeling class action.

In *Gubala*, the plaintiffs claimed that Defendants made misrepresentations about the quantity and quality of protein contained in certain protein supplements. *Gubala*, 2015 WL 6460086, at *1. Importantly, the plaintiffs did not buy one of the supplements at issue. *Id.* at 3.

11

Thus, the plaintiffs were required to plead and prove that the label of that supplement was "substantially similar to" the label of the supplement that they did buy. *Id*. Judge Ellis of this District held that the supplements were not "substantially similar" because their "labels . . . reflect[ed] different formulations and ingredients." Thus, it "necessarily follows that Plaintiffs' arguments as to what makes each product's label misleading are different." *Id*; *see also Padilla*, 2012 WL 2397012, at *3 (plaintiff did not have standing to bring a claim for a product he had not purchased because product had "different product formulations and labels" as the product he did buy); *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-CV-01196, 2014 WL 1024182, at *8 (N.D. Cal. Mar. 13, 2014) (Ex. 7) ("where the actual composition or appearance of the product is legally significant to the claim at issue, the consumer may only be allowed to pursue claims for product with identical product composition and/or appearance").

Here, Sensenig has not even tried to show that the other unspecified products she seeks to include in this case are substantially similar to the one she claims to have purchased. She has not claimed that they have the same ingredients in the same proportion, or even identified which foreign-sourced ingredients each product allegedly contained. Absent any such allegations, her First Amended Complaint must be dismissed. *E.g.*, *Gubala*, 2015 WL 6460086, at *3.

**B.** **Sensenig Lacks Standing to Bring Claims Under the Laws of States Other than Illinois.**

Sensenig lacks standing for another reason as well: she does not have standing to assert claims under the consumer fraud statutes of states other than Illinois. Assuming Sensenig's bare-bones allegations *were* sufficient (which they are not), they only implicate conduct within Illinois. Because she only alleges conduct in Illinois, Sensenig cannot bring claims under state statutes other than those of Illinois. *Healy v. Beer Inst., Inc.*, 491 U.S. 324, 336 (1989) (Commerce Clause "precludes the application of a state statute to commerce that takes place

3823655

wholly outside the State's borders, whether or not the commerce has effects within the State"). Indeed, several of the non-Illinois statutes Sensenig seeks to invoke expressly limit their scope to in-state conduct. *See e.g.*, Cal. Bus. & Prof. Code § 17533.7 (applies to "Made in the USA" labeling "in this state"); N.Y. Gen. Bus. Law § 349 (applies to conduct "in this state"); Mo. Rev. Stat. § 407.020 (applies to conduct "in or from the state of Missouri"); N.J. Stat. § 56.8-2.21 (applies to suits brought in the "jurisdiction the sale was made"); Wash. Rev. Code § 19.86.090 (applies to actions brought in Washington Superior Court).

In short, "[i]t is well-established that Plaintiffs cannot establish standing based solely on injuries sustained by members of the putative class they seek to represent." *Moyer v. Michaels Stores, Inc.*, No. 14 C 561, 2014 WL 3511500, at *3 (N.D. Ill. July 14, 2014) (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)) (Ex. 8). Here, the injury (implausibly) alleged by Sensenig took place, if anywhere, only in Illinois. Based on the slim facts alleged, Sensenig cannot bootstrap other state statutes into her Illinois action.

**V.      Sensenig's Class Claims Should Be Dismissed or Stricken.**

The Court may dismiss class allegations when it is "plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the plaintiff's claim." *Payton v. County of Carroll*, 473 F.3d 845, 854 (7th Cir. 2007); *see also* Fed. R. Civ. P. 23(d)(1)(D) (Court may "require that the pleadings be amended to eliminate allegations about representation of absent persons"). Sensenig's inadequately pled class claims should be dismissed or stricken for several reasons.

**A.     Sensenig Is Not an Adequate Class Representative.**

Sensenig was convicted of felony theft for stealing from her employer.  Ex. 1.[4]  It is well established that a "named plaintiff who has serious credibility problems or who is likely to devote too much attention to rebutting an individual defense may not be an adequate class representative."  *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011); *Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 105 (N.D. Ill. 2013).  Sensenig's conviction may be offered to impeach her credibility with a factfinder, resulting in the factfinder focusing on her credibility and facts unique to her claims, not the claims of absent class members.  *See Jamison*, 290 F.R.D. at 105 (collecting cases).

Further, Defendant Merrick offers a money-back guarantee on all of its pet food.  *See* Merrick Guarantee, http://www.merrickpetcare.com/why-merrick/guaranteed-best-ever (last visited June 7, 2016).  "A representative who proposes that high transaction costs (notice and attorneys' fees) be incurred at the class members' expense to obtain a refund that is already on offer is not adequately protecting the class members' interests."  *In re Aqua Dots Prods. Liability Litig.*, 654 F.3d 748, 752 (7th Cir. 2011).  Here, Sensenig (and her counsel) propose a class action when a simple request for a refund would do.  This and Sensenig's conviction render Sensenig an inadequate class representative as a matter of law.  *See CE Design*, 637 F.3d at 726.

**B.     All of the Class Claims Should Be Stricken for Overbreadth and Lack of Predominance.**

Moreover, even if Sensenig did not possess such serious credibility problems, the class fails for two other reasons:  overbreadth and lack of predominance.

*First*, the putative class alleged in the First Amended Complaint is overbroad, because it does not allege that all putative class members acted upon, or even saw, Defendants' "Made in

---

[4] A District Court "may take judicial notice of public records, including public court documents, in ruling on a motion to dismiss under Rule 12(b)(6)."  *White v. Keely*, 814 F.3d 883, 885 & n.2 (7th Cir. 2016).

USA" labeling. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513-14 (7th Cir. 2006) (affirming denial of class certification of a class that "could include millions who were not deceived and thus have no grievance under the ICFA"); *Cleary v. Philip Morris USA, Inc.*, 265 F.R.D. 289, 293 (N.D. Ill. 2010) (denying certification of alleged class "defined so broadly that it is likely to include persons who suffered no detriment at all due to [defendant]'s conduct").

*Second*, as another district court held in a similar "Made in USA" pet food case, individualized issues of causation and damages predominate. *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009) (denying class certification on the face of the pleadings because "the choice to purchase [defendant's] products could be based on a variety of factors unrelated to the 'Made in the USA' label").

Sensenig cannot cure these defects by amending her First Amended Complaint. Thus, the class allegations should be dismissed or stricken.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Sensenig's First Amended Complaint with prejudice.

Dated: June 9, 2016                    Respectfully submitted,

                                       **MERRICK PET CARE d/b/a
                                       CASTOR AND POLLUX NATURAL
                                       PETWORKS and NESTLE PURINA
                                       PET CARE CO.**

                              By:  /s/  Matthew O. Sitzer
                                   _____
Matthew O. Sitzer                  One of Their Attorneys
Matthew C. Wolfe
Shook, Hardy & Bacon L.L.P.
111 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 704-7700
Fax: (312) 558-1195
msitzer@shb.com
mwolfe@shb.com

3823655

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew O. Sitzer, an attorney, hereby certify that on June 9, 2016, I caused a true and correct copy of the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT** to be served in this action via the U.S. District Court CM/ECF e-filing system upon all counsel of record in this action.

/s/  Matthew O. Sitzer
Matthew O. Sitzer

3823655